GAUDIN, Judge.
This unusual civil case was tried before a 12-person jury in the 24th Judicial District Court. According to interrogatories submitted and answered, the jury found that the plaintiff, Doris Pritchett, had in fact suffered injuries while riding as a guest passenger in an automobile negligently struck by another vehicle yet the jury awarded absolutely nothing as damages.
On appeal, Mrs. Pritchett argues that the zero verdict was either (1) the result of the trial judge’s refusal to read a requested jury instruction or (2) the jury’s erroneous finding that appellant was not hurt.
For the following reasons, we revise the jury verdict and award $5,000.00 to Mrs. Pritchett.
Liability was stipulated prior to trial, the only remaining issue being one of quantum. Jeannie Siegel was the driver of the car Mrs. Pritchett was in. Velma Curet, the other driver, admitted that she ignored a stop sign and drove onto Cleary Avenue in Metairie from a side street and that she did not see the Siegel auto prior to impact.
Mrs. Pritchett’s head struck the front windshield, breaking the glass. She described neck, shoulder, back and leg injuries. These injuries, according to the testimony, were superimposed on an arthritic spine and worsened Mrs. Pritchett’s medical situation.
Dr. Maria Palmer, a neurologist, said that Mrs. Pritchett had suffered a cervical sprain which aggravated a preexisting degenerative back condition and that she (Mrs. Pritchett) suffered from post traumatic headaches.
Dr. Palmer noted that the blow to Mrs. Pritchett’s head must have been “severe” because swelling was visible 11 days after *1170 the accident, when Dr. Palmer first examined Mrs. Pritchett.
Without dwelling further on the medical evidence, we are of the opinion that Mrs. Pritchett should receive $5,000.00. According to the rationale of Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977), when an appellate court finds an award clearly low and manifestly erroneous, the award is raised to the lowest point reasonably within the trier of fact’s discretion. See also McQuarters v. Zegar, 466 So.2d 579 (La.App. 5th Cir.1985).
With regard to the not-given jury charge, it does appear that the charge could have been given. This charge, in part, is as follows:
“It is not necessary ... for expert witnesses to have found objective evidence of pain or disability ... before you award damages ...”
(Underlining provided.)
However, the trial judge’s standard instructions were sufficient for the jury to have made some award, particularly after finding that Mrs. Pritchard was causally hurt.
We don’t know, of course, precisely why the jury was not impressed by the testimony of petitioner and her witnesses, but the empty verdict was not the result of the trial judge’s instructions or because of the one requested instruction he did not give.
Mrs. Pritchett is awarded $5,000.00 plus interest from date of judicial demand until paid, plus Dr. Palmer’s testifying fee, hereby set at $200.00, and all court costs, both in the district court and on appeal. Defendants cast in judgment are Mrs. Curet and her insurer, Prudential Property and Casualty Company.
REVISED AND RENDERED.